IN THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

GREENBOX POS, LLC, a Nevada Corporation,

      Plaintiff,                                 CASE NO.: 8:21-cv-545

v.

ACCOUNT MANAGEMENT PLUS, INC., a
Florida Corporation,

      Defendant.

_____/

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

The Plaintiff, GREENBOX POS, LLC ("Plaintiff" or "Greenbox"), sues the Defendant, ACCOUNT MANAGEMENT PLUS, INC. ("AMP"), and allege as follows:

**JURISDICTIONAL STATEMENT AND IDENTIFICATION OF THE PARTIES**

1.      This is an action for damages that exceed SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, with respect to each Defendant, exclusive of interest and costs.

2.      Plaintiff, GREENBOX POS, LLC is a Nevada Corporation with its Principal Place of Business in San Diego County, California.

3.      None of the Members of GREENBOX POS, LLC, reside in Florida.

4.      The members of GREENBOX POS, LLC, reside in San Diego, California.

5.      Defendant, ACCOUNT MANAGEMENT PLUS, INC. is a Florida Corporation with its Principal Place of Business in Pinellas County, Florida.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 under diversity of citizenship.

7.      All actions alleged herein that were taken by Plaintiff and/or Defendant occurred in Pinellas County, Florida.

8.      This Court has jurisdiction over the parties to this action.

9.      Venue is proper before this Court.

## COMPLIANCE WITH CONDITIONS PRECEDENT GENERALLY

10.     Plaintiff has complied with conditions precedent to the bringing of this action, or such conditions precedent have otherwise occurred, been performed, or been waived.

## FACTS GIVING RISE TO CAUSE OF ACTION

11.     Plaintiff, Greenbox, is a groundbreaking technology company that builds customized payment solutions for a variety of industries.

12.     Greenbox has developed substantial technology related to payment processing solutions, including Point of Sale software and hardware solutions, as well as deposit, cash and E-wallet management.

13.     Defendant, AMP, in the business of being a merchant account holder, accepting third party payments from others.

14.     In or about May of 2019, Plaintiff, Greenbox, entered into an oral agreement with Defendant, AMP, the terms and conditions of which were as follows:

   a.  Greenbox would make its E-wallet management technology available to AMP;

   b.  AMP would then collect third party payments, utilizing Greenbox's E-wallet management technology;

   c.  AMP would retain a certain amount (commission) associated with each processed payment. That commission was equal to one-half of one percent (.5%) of the total transaction amount; and

   d.  AMP was supposed to remit the remaining transaction amount to Greenbox associated with each processed payment.

15.     Plaintiff, Greenbox, fulfilled all of its obligations under its oral agreement with AMP, or stood at all material times ready to fulfill such obligations.

16.     In or around July of 2019, the relationship between Greenbox and AMP began to sour. By that time, in excess of $2,200,000.00 of transactions had been processed.

17.     Defendant, AMP, has unlawfully withheld $167,000.00 that is the property of Plaintiff, Greenbox.

18.     Defendant, AMP, has refused to relinquish these funds ($167,000.00) to Plaintiff, Greenbox, despite demand that AMP relinquish such funds and AMP having no legal entitlement to retain such funds.

19.     Interest is due in this instance from Defendant, AMP, at a rate equal to at least the statutory rate. Through September 30, 2020, interest has accrued in approximate amount of $12,792.74. Interest will continue to accrue all the way through judgment.

### COMPLIANCE WITH CONDITIONS PRECEDENT AND FLORIDA STATUTE § 772.11, SPECIFICALLY

20.     Defendant, AMP, was served with a Notice and Demand Letter, pursuant to and compliant with the requirements set forth in Florida Statutes Section 772.11, on November 16, 2020.

21.     The Notice and Demand Letter to AMP is attached hereto as Exhibit "A."

22.     Defendant, AMP, failed to comply with the Notice and Demand Letter that was sent to them.

23.     Thus, with respect to Plaintiff's claims for Civil Theft under Florida Statutes Section 772.11, Plaintiff has complied with all conditions precedent.

### COUNT I – BREACH OF ORAL CONTRACT

The Plaintiff adopts and realleges paragraphs 1 through 19 above and further alleges:

24.     Plaintiff and Defendant AMP entered into an oral agreement regarding the use of

Plaintiff's E-Wallet management technology to assist Defendant AMP to Process certain transactions for the benefit of both parties.

25.     Plaintiff performed, or stood ready at all material times to perform, its obligations under the oral agreement.

26.     Defendant, AMP, has breached the oral agreement by not compensating Plaintiff the agreed upon amount of $167,000.00 for transactions that were processed by Defendant AMP using Plaintiff's E-Wallet management technology.

27.     Defendant's breach has caused Plaintiff damages.

WHEREFORE, Plaintiff, GREENBOX POS, LLC, seeks an order and judgment requiring Defendant, ACCOUNT MANAGEMENT PLUS, INC., to pay Plaintiff compensatory damages, plus pre-judgment interest, costs, and such other relief as this Honorable Court deems proper for Defendant's breaches.

## COUNT II – CONVERSION

The Plaintiff adopts and realleges paragraphs 1 through 13 above and further alleges:

28.     Defendant, AMP, has possession of $167,000.00 of funds that belong to Plaintiff.

29.     Defendant, AMP, came into possession of these funds in connection with business dealings between it and Plaintiff, Greenbox, whereby:

    a.  Greenbox would make its E-wallet management technology available to AMP;

    b.  AMP would then collect third party payments, utilizing Greenbox's E-wallet management technology;

    c.  AMP would retain a certain amount (commission) associated with each processed payment. That commission was equal to one-half of one percent (.5%) of the total transaction amount; and

    d.  AMP was supposed to remit the remaining transaction amount to Greenbox associated

with each processed payment.

30.    These funds are identifiable and belong to Plaintiff.  In connection therewith, and not necessarily by way of limitation:

    a.  They are funds resulting from specific transactions that were processed by Defendant, AMP, using Plaintiff's E-Wallet management technology;

    b.  The funds were delivered to Defendant, AMP, for the specific purpose of payment of such funds, less only the Defendant's commission, to Plaintiff;

    c.  The funds were to be maintained in a dedicated account for purposes of receiving funds involving the transactions between Defendant, AMP, and the Plaintiff and were not to be comingled with other funds; and/or

    d.  Defendant, AMP, had an obligation to keep the specific funds intact or to deliver a specific fund of money to the Plaintiff.

31.    Defendant, AMP, has no legal right to these funds.

32.    Plaintiff has demanded return of these funds to it, to no avail.

33.    Defendant, AMP, has wrongfully exercised dominion or control over the funds belonging to Plaintiff, Greenbox.

34.    Defendant, AMP, has wrongfully refused to relinquish these funds to the Plaintiff, despite Plaintiff's legal right to the receipt of same.

35.    Defendant's actions have caused Plaintiff damages.

WHEREFORE, Plaintiff, GREENBOX POS, LLC, seeks an order and judgment requiring Defendant, ACCOUNT MANAGEMENT PLUS, INC., to pay Plaintiff compensatory damages, plus pre-judgment interest, costs, and such other relief as this Honorable Court deems proper for Defendant's actions.

## COUNT III - CIVIL THEFT

The Plaintiff adopts and realleges paragraphs 1 through 13, as well as paragraphs 20 through 23, and paragraphs 28 through 35, above and further alleges:

36.     Defendant, AMP, has knowingly obtained or used $167,000.00 belonging to Plaintiff through the act of conversion.

37.     Defendant, AMP, intended to permanently deprive Plaintiff of its $167,000.00 through its actions.

38.     Defendant, AMP's, actions constitute an unlawful theft of Plaintiff's property in violation of Florida Statutes Section 812.014.

39.     Plaintiff, through counsel, sent a statutory letter pursuant to Section 772.11, Fla. Stat. demanding that Defendant, AMP, pay treble damages in the amount of $501,000.00 to Plaintiff in accordance with said statute.

40.     To date, Defendant AMP has failed to pay Plaintiff any of the monies demanded in the statutory letter.

WHEREFORE, Plaintiff, GREENBOX POS, LLC, seeks an order and judgment requiring Defendant, ACCOUNT MANAGEMENT PLUS, INC., to pay Plaintiff compensatory damages, including treble damages, plus pre-judgment interest and reasonable attorneys' fees and costs, pursuant to Section 772.11, Fla. Stat., and such other relief as this Honorable Court deems proper.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

<u>**DEMAND FOR JURY TRIAL**</u>

The Plaintiff, GREENBOX POS, LLC in the above styled cause hereby demand a trial by jury of all of the issues triable by right.

DATED:  March 9, 2021.

By:   /s/ *Andrew M. Feldman*
        Andrew M. Feldman, Esquire
        Florida Bar No.: 161969
        **FELDMAN LAW**
        *ATTORNEY FOR PLAINTIFF*
        9100 S. Dadeland Blvd., Ste. 1500
        Miami, FL 33156
        Telephone: (305) 445-2005
        AFeldman@FeldmanLawOffices.com